The Clerk of Court is directed to close this case.

**SO ORDERED.**

**MARKET CORNER REALTY ASSOCIATES, LLC and Tadashi Ono, Plaintiffs,**

v.

**CGM–GH LLC and Jeffrey Chodorow Defendants.**

**No. 04 CV 26447(RO).**

United States District Court, S.D. New York.

May 12, 2004.

Levisohn, Berger & Langsam, LLP, Andrew S. Langsam, of Counsel, New York City, for Plaintiffs.

Fross, Zelnick, Lehrman & Zissu, P.C., Lisa Pearson, of Counsel, New York City, for Defendants.

### MEMORANDUM AND ORDER

OWEN, District Judge.

Plaintiffs, claiming superior trademark rights, seek to preliminarily enjoin defendant's restaurant from calling itself "Ono."

Plaintiffs Market Corner Realty Associates, LLC ("Market Corner") own "Matsuri Restaurant" which has a room which it says is called the "Ono Sake Room" so named after its chef, plaintiff Tadashi Ono. Defendants have had underway for almost a year a developing Japanese restaurant called "Ono," not too far away. Over the year it has been growing from publicity to banquets and catered affairs to local hotel

room service with an official opening this summer in the Hotel Ganesvoort.

Plaintiffs base their superior trademark rights on (1) a U.S. trademark *application* filed on August 11, 2003; (2) plaintiff Market Corner's asserted actual use of the trademark "ono" prior to any trademark use by defendants; and (3) Market's chef Ono's well-known name.

A preliminary injunction requires a showing of irreparable harm and either (i) a likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor. *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 376 (2d Cir.1997).

■ It appears that plaintiffs filed an "intent to use" application for "Ono" on August 11, 2003, five days *after* defendants publicly announced their intention to open their restaurant "Ono."[1] Setting aside the questionable timing of plaintiffs' application, a *pending* intent to use application, not a registration, cannot invoke the Lanham Act right of priority as a basis for an injunction. 3 *McCarthy*, § 19:26 at 19–68 (citing *Talk to Me Prods. v. Larami Corp.*, 804 F.Supp. 555, 559–60 (S.D.N.Y.1992), *aff'd.* 992 F.2d 469 (2d Cir.1993)).

Plaintiffs next claim they made actual use of the trademark "ono" prior to any trademark use by the defendants. Plaintiffs, in a declaration, make the statement that since the opening of the Matsuri Restaurant on October 1, 2003, "there has been a section/room in the restaurant, which has been named, referred to and called the Ono Sake Room." Born Decl., ¶ 14. However, the only tangible evidence of plaintiffs' use of the name "ono" in connection with the Matsuri sake room is a small banner hanging beneath the Matsuri banner outside the restaurant—which plaintiffs acknowledge was not displayed until March 10, *2004*—five months *after* the Matsuri Restaurant opened. And an affidavit of a former Matsuri Restaurant employee submitted by defendants states that "[a]t no time during my employment [January 15, 2004 to March 12, 2004] did I hear anyone at the Matsuri Restaurant refer to the sake tasting room there as Ono or The Ono Sake Room. Rather, the room was just called the 'sake room.' In fact, during my time at Matsuri, no part of the restaurant was named or referred to as Ono (either publicly or among staff), and the name Ono was displayed nowhere inside or outside the restaurant." Kim Declaration ¶ 2.

■ Finally, plaintiffs claim trademark rights in "ono" by virtue of chef Ono's surname. Surnames are a class of marks which require proof of secondary meaning to demonstrate trademark rights. *815 Tonawanda Street Corp. v. Fay's Drug Co.*, 842 F.2d 643, 647 (2d Cir.1988). Aside from the fact that plaintiffs did not identify in their trademark application that "ono" is a surname (which is required under 15 U.S.C. § 1052(e)(4)), plaintiffs have not demonstrated secondary meaning. Such a showing would be particularly difficult to prove given all of the other possible meanings of the term "ono" such as being a generic term for fish, and also meaning "delicious."

■ The defendants, on the other hand, announced and began actively moving forward with creating their "Ono" restaurant in July, 2003. By August, the press had already written about the upcoming opening of the "Ono Restaurant." For example, on August 6, 2003, *The Villager* stated "Jeffrey Chodorow will open a Japanese

---

1. The Trademark Office has initially refused to approve plaintiffs' application due to the existence of prior registrations for Ono marks.

restaurant called Ono in the Hotel Ganesvoort...." By December, 2003, defendants began to print and distribute menus, brochures, business cards and promotional materials for the "Ono Restaurant" and to solicit potential customers for Ono banquets and other catered events. The Hotel Ganesvoort opened its doors in March, 2004 and the "Ono Restaurant" has been providing it room service since March 18, and banquet and catering services since March 29, 2004. The "Ono Restaurant" as a restaurant will officially open this summer.

I deny plaintiffs' motion to enjoin defendants from the use of the name "Ono" for their restaurant. If there is harm to the plaintiffs, it is minor and of their own making, and I see almost no eventual likelihood of success on the merits. Indeed, on this record, I see none.

So Ordered.